IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LESTER MITCHELL,[1] | § | No. 229, 2025 |
| | § | |
| Respondent Below, | § | Court Below—Family Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | File No. 24-09-11TN |
| | § | |
| DEPARTMENT OF SERVICES | § | Petition No. 24-23390 |
| FOR CHILDREN, YOUTH AND | § | |
| THEIR FAMILIES, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: October 14, 2025
Decided: October 23, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

**ORDER**

After consideration of the appellant's brief and the motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26.1(c), the responses, and the Family Court record, it appears to the Court that:

(1)     The appellant ("Father") filed this appeal from the Family Court's order terminating his parental rights as to his child born in 2015 (the "Child"). In June 2023, the Department of Services for Children, Youth and Their Families, Division of Family Services ("DFS") filed a petition for emergency custody of the Child. The

---

[1] The Court previously assigned pseudonyms to the appellant pursuant to Supreme Court Rule 7(d).

petition alleged that the Child's mother ("Mother") had a history of bipolar disorder, anxiety, and depression and admitted using fentanyl and marijuana. The family had a substantial history with DFS, and Mother's three older children were not in her care. The petition alleged that the Child, who has special needs, had unexplained injuries and had not been taken for medical and behavioral health appointments and educational services for which she had been referred. The Child had been placed with the father of Mother's older children under a safety plan, but that individual could no longer care for the Child because of her special needs. Father had indicated that he was homeless and DFS was concerned about his drug use, although he denied using drugs. The Family Court granted the petition, and the mandated hearings ensued.[2]

(2) Father appeared for only one of the eight hearings in the dependency proceedings between June 2023 and November 2024, and he did not engage with DFS with respect to case planning. By mid-February 2024, he had moved to North Carolina. After the child's mother died of a drug overdose in March 2024, Father engaged with DFS sufficiently to enter a case plan. He continued to live in North

---

[2] *See Kline v. Del. Div. Family Servs.*, 2023 WL 2259101, at *1 n.3 (Del. Feb. 28, 2023) ("When a child is removed from home by DFS and placed in foster care, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and the court's rules." (citing 13 *Del. C.* § 2514; DEL. FAM. CT. R. CIV. PROC. 212-19)).

Carolina and made little progress on the plan, however, and in September 2024, DFS filed a petition for termination of Father's parental rights.

(3) The Family Court convened for scheduled termination of parental rights ("TPR") hearings in November 2024 and January 2025, but continued the hearings to allow Father more time to work with counsel to oppose the TPR, among other reasons. After an evidentiary hearing in April 2025, the Family Court issued a written decision terminating Father's parental rights. The Family Court found, by clear and convincing evidence, that Father had failed to plan adequately for the Child during the nearly two years that she had been in DFS custody.[3] The court determined that DFS had made reasonable efforts toward reunification and to identify relative placements for the Child. Applying the best-interest factors,[4] the Family Court found that DFS had established, by clear and convincing evidence, that it was in the Child's best interests to terminate Father's parental rights.

(4) On appeal, Father's counsel has filed an opening brief and a motion to withdraw under Rule 26.1(c). Counsel asserts that, based upon a conscientious review of the record, there are no arguably appealable issues. Counsel provided Father with a copy of the motion to withdraw and the accompanying brief and

---

[3] 13 *Del. C.* § 1103(a)(5)a.
[4] *See id.* § 1103(a) (providing that parental rights may be terminated if one of several statutory grounds is established and termination "appears to be in the child's best interest"); *id.* § 722 (setting forth factors that the court may consider when determining the best interests of a child).

3

informed him of the provisions of Rule 26.1(c) and his right to supplement counsel's presentation. Father did not provide issues for the Court's consideration. DFS as appellee and the Child's attorney from the Office of the Child Advocate have responded to the Rule 26.1(c) brief and argue that the Family Court's judgment should be affirmed.

(5) Having carefully reviewed the record on appeal, we find that the Family Court's factual findings are supported by the record, and we can discern no error in the Family Court's application of the law to the facts. We therefore conclude that Father's appeal is wholly without merit and devoid of any arguably appealable issues. We are also satisfied that Father's counsel made a conscientious effort to examine the record and the law and properly determined that Father could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

4